## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ABDOL HAMID KARIMI; ERNESTINA KARIMI ) | NO. 10 B 31966 |
| ) | Chapter 7 |
| Debtors ) | Judge Timothy A. Barnes |

## DEBTORS' PETITION FOR ADMINISTRATIVE EXPENSES

**COME NOW THE ABOVE-NAMED DEBTORS**, by and through their attorneys, Sulaiman Law Group, Ltd., pursuant to 11 U.S.C § 503, petitioning this Court for the payment of Debtors' administrative expenses, and in support thereof respectfully state as follows:

## STATEMENT OF GROUNDS

1. On or about July 19, 2010, Abdol Hamid Karimi and Ernestina Karimi ("Debtors") filed this Chapter 7 case.

2. The Debtors received a discharge on November 23, 2010. To date, the case has not been closed, nor has a final distribution or report been filed.

3. Although the Debtors received their discharge on November 23, 2010, neither the original Trustee, nor the successor Trustee has filed a final report.

4. On December 28, 2010, Chapter 7 Trustee Frances Gecker resigned from the case and Trustee Andrew J. Maxwell ("Trustee") was appointed.

5. Although it appears that the case is a no asset case, the Trustee has not filed any report or determination to this effect, nor has the Trustee filed any report or determination that the case is an asset case.

6. As of the date of this petition, the Debtors are the record owners of the property commonly known as 1235 S. Prairie Avenue, #2305, Chicago, Illinois ("Chicago property").

7. As of the date of this motion, the Debtors are also the record owners of the property commonly known as 2412 Wild Timothy Road, Naperville, Illinois 60564 ("Naperville property").

8. At the time that Debtors filed this case, the Chicago property was worth less than the debt secured against it.

9. At the time that the Debtors filed this case, the Naperville property was worth less than the debts secured against it.

10. Upon information and belief, the Naperville property and the Chicago property have negative equity as of the date of this petition.

11. Until Debtors sought an order compelling the Trustee to abandon the Chicago property, the Trustee has not opposed any actions adverse to the bankruptcy estate's interest in the Chicago property.

12. In particular, the record does not reflect that the Trustee opposed Harris Bank's motion for relief from the automatic stay, which was granted on June 8, 2011.

13. Debtors have been responsible for maintaining the Naperville and the Chicago properties since they filed the instant case on July 19, 2010.

14. Debtors have had to expend funds defending the foreclosure actions filed against the Naperville and Chicago properties.

15. Debtors remain liable for assessment payments to the condominium association for the Chicago property because they remain the record owners of the property even though the Chicago property remains the property of the bankruptcy estate.

16. Pursuant to 11 U.S.C. §503(b)(1)(A), Debtors are entitled to allowable expenses including the actual and necessary costs of preserving the estate.

17. Since the filing of the Debtors' Chapter 7 case through May 2012, the Debtors have spent $7,425.00 in attorney's fees in the furtherance of preserving the Naperville and Chicago properties. *See* Exhibit A, a true and correct copy of the accounting provided to the Trustee.

18. Debtors are currently liable for assessment payments in the amount of $4,067.88 for the period from January 1, 2012 to June 1, 2012. *Id.*

19. Debtors seek to apply these administrative expenses as a setoff against the funds that the Trustee seeks to have turned over to the estate.

20. Moreover, additional administrative expenses have accrued since the accounting (attached as Exhibit A) was completed.

21. Debtors are entitled to additional administrative costs from June 1, 2012 through the July 11, 2012 status and hearing date.

22. After accounting for the June 2012 and July 2012 monthly condo assessments and Debtors' additional attorney fees incurred for preservation of the bankruptcy estate's assets since May 31, 2012, Debtors administrative costs will increase by roughly $2,000.00 to $3,000.00.

23. Debtors will continue to accrue additional administrative costs and expenses so long as the bankruptcy case remains open.

24. Debtors should be awarded all future administrative costs and expenses as they accrue until the bankruptcy case is closed.

**WHEREFORE**, the Debtors request that the Court enter an order:

a. Awarding Debtors the sum of $11,492.88 through May 2012;

b. Awarding Debtors all additional administrative costs to be established from June 1 through the July 11, 2012 status call and hearing, estimated to be $2,000 to $3,000;

c. Requiring the Trustee to turnover all amounts from the administrative costs and expenses incurred by Debtors;

d. Staying enforcement of the April 26, 2012 order until the bankruptcy case is officially closed and a full accounting of administrative expenses can be awarded to Debtors;

e. Awarding and additional relief that this Honorable Court deems necessary and proper.

By: ___s:/Mohammed O Badwan___

Sulaiman Law Group, Ltd.
900 Jorie Boulevard, Suite 150
Oak Brook, Illinois 60523
Attorney No. 6283058
(630) 575-8181 Telephone
(630) 575-8188 Facsimile